IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AYODEJI O. BAKARE, M.D.,** : | CIVIL ACTION NO. 1:03-CV-1098 |
|     **Plaintiff** : | |
| : | (Judge Conner) |
|     v. : | |
| : | |
| **PINNACLE HEALTH HOSPITALS,** : | |
| **INC., PINNACLE HEALTH SYSTEMS,** : | |
| **ROGER LONGENDERFER, BARRY B.** : | |
| **MOORE, DANA KELLIS, RICHARD C.** : | |
| **SENACA, CARL BRONITSKY, and** : | |
| **DAVID J. EVANS,** : | |
|     **Defendants** : | |

## O R D E R

The above-captioned action has been assigned to the undersigned Judge and has been scheduled for trial in May 2006. Before proceeding further on this matter, the parties must evaluate the participation of the undersigned Judge in light of the following:

> The family of the undersigned District Court Judge has received past medical care from Dr. Daniel Weber, including the delivery of four children and a nephew, and the undersigned's spouse currently receives medical care from Dr. Daniel Weber. In addition, the undersigned has received past medical treatment from Dr. Joseph Cincotta. Dr. Weber and Dr. Cincotta are ostensibly material witnesses in this matter. Dr. Weber and Dr. Cincotta are non-parties and their respective roles in this matter were not readily apparent until the undersigned began his review of the exhibits submitted in support of pending Rule 56 motions.

Section 455 of Title 28 of the United States Code governs disqualification of a District Court Judge. Subsection (b) of § 455 identifies grounds mandating disqualification even if the parties are willing to waive recusal. None of the circumstances described in subsection (b) apply here.

Subsection (a) of § 455 requires disqualification "in any proceeding in which [the Judge's] impartiality might be reasonably questioned." That circumstance does apply here.

Subsection (e) of § 455 provides that "[w]here the ground for disqualification arises only under Subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." Section 455 requires that the Judge inquire as to whether all parties are agreeable to waive the ground for disqualification.

Accordingly, the attached Disqualification Disclosure Form must be completed by each and every party or the party's representative <u>and sent only to</u> the Clerk of Court, Attn: Gary Hollinger, Chief Deputy Clerk. <u>The disqualification Disclosure Forms should not be sent to other counsel.</u> Only if all parties agree will the undersigned Judge continue participation in the proceeding. If the disqualification is not waived by any party, the case will be reassigned to another Judge.

Please be assured of confidentiality in this matter. All responses to this Order will be maintained by the Clerk and not disclosed to the undersigned Judge, nor will the Judge be informed of the identity of any party who declined to waive the disqualification.

**AND NOW, THEREFORE, IT IS ORDERED THAT:**

1. Forms indicating each party's waiver or non-waiver of the grounds for disqualification disclosed herein shall be sent to the Clerk of Court no later than April 14, 2006.

2. In the absence of waivers of conflict of interest from all parties, the undersigned shall be disqualified from this proceeding.

3. The Clerk of Court is directed to serve a copy of this Order on counsel for Plaintiffs and Defendants by facsimile and U.S. mail.

4. On or before April 17, 2006, the Clerk of Court shall, without disclosing the position of any party, inform this Court whether all parties have consented to participation by the undersigned in this case.

  /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:     April 3, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AYODEJI O. BAKARE, M.D.,**  :<br>    **Plaintiff**                  :<br>                                      :<br>     v.                              :<br>                                      :<br>**PINNACLE HEALTH HOSPITALS,**  :<br>**INC., PINNACLE HEALTH SYSTEMS,** :<br>**ROGER LONGENDERFER, BARRY B.** :<br>**MOORE, DANA KELLIS, RICHARD C.** :<br>**SENACA, CARL BRONITSKY, and**  :<br>**DAVID J. EVANS,**                :<br>    **Defendants**                :  | **CIVIL ACTION NO. 1:03-CV-1098**<br><br>**(Judge Conner)** |

## DISQUALIFICATION DISCLOSURE FORM

I, the undersigned party to the above-captioned action, having been fully informed and advised of those association disclosed by Court order dated April 3, 2006, between Judge Conner and certain parties to this case, hereby knowingly

_____ consent

_____ do not consent

to Judge Conner's participation in this matter.

_____     _____
Signature of Party or Party Representative     Date

_____     _____
Signature of Counsel                                            Date

*Note to Clerk of Court:*
**This form shall be filed in the above-captioned matter but is to be maintained as confidential. Do not supply a copy of this form to chambers.**